UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN D. IRISH-MILLER,<br><br>                          Plaintiff(s),<br><br>     v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                          Defendant(s). | Case No. 2:14-CV-1654 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants' Las Vegas Metropolitan Police Department ("LVMPD") and officer Ryan Fryman's motion for partial judgment on the pleadings. (Doc. # 7). Plaintiff Justin Irish-Miller filed a response (doc. # 12), and defendants filed a reply (doc. # 13).

Also before the court is plaintiff's motion to for leave to amend complaint and add substitute parties. (Doc. # 14). Defendants filed a response (doc. # 18), and plaintiff filed a reply (doc. # 19).

**I.     Background**

This case involves an encounter among plaintiff, LVMPD officer Ryan Fryman, and a then-unidentified partner or co-worker of officer Fryman's. (Doc. # 1).

The encounter occurred on September 19, 2012, in a Roberto's Taco Shop parking lot located at 6355 East Russell Road, Las Vegas, Nevada 89122. (Doc. # 1 at 15). Plaintiff alleges he was parked at the location and attempting to cool down his overheated vehicle's engine. (*Id.*). Plaintiff alleges that, while standing by his vehicle, undercover officer Fryman and his unidentified partner or co-worker "brutally attacked" plaintiff without provocation or warning. (*Id.*). Plaintiff alleges that officer Fryman and his partner "placed [him] in a chokehold, thr[ew him] to the ground

**James C. Mahan**
**U.S. District Judge**

and kicked [him] in the face and body . . . [and] slammed [his face] on the car causing him to lose consciousness and lose numerous teeth." (*Id.*).

Plaintiff contends that, immediately after the attack, officer Fryman and his co-worker transported plaintiff to another location to clean his injuries. (*Id.*). Officer Fryman and his co-worker then called an ambulance to transport plaintiff to the hospital. Clark Medic West paramedics responded to the call and received plaintiff for transport at 6390 Boulder Highway, Las Vegas, Nevada 89122. (*Id.* at 16). Plaintiff asserts that "[d]efendants then attempted to conceal their actions by omitting facts in their arrest report and subsequent court documents." (*Id.* at 16).

On September 11, 2014, plaintiff filed suit against LVMPD, officer Fryman, and various "Doe" defendants in the Eighth Judicial District Court for Clark County, Nevada. (Doc. # 1 at 13). Plaintiff alleges numerous causes of action including (1) violations of civil rights to life and security of person under 42 U.S.C. § 1983 against all defendants; (2) violations of civil rights – municipal liability under 42 U.S.C. § 1983 against all defendants; (3) negligent supervision and training against LVMPD; (4) negligence and gross negligence against all defendants; (5) violations of Eighth and Fourteenth Amendment rights under 41 U.S.C. § 1983[1] as to officer Fryman and Doe officers; (6) negligence against officer Fryman and Doe officers; (7) assault and battery against officer Fryman and Doe officers; (8) battery; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; (11) negligence per se; (12) punitive and exemplary damages.

Defendants removed the case on October 8, 2014, and filed an answer in federal court on October 22, 2014. (Docs. ## 1, 6). Following defendants' answer, defendants filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). On February 4, 2015, plaintiff filed a motion to amend/correct complaint under Federal Rule of Civil Procedure 15(a).

---

[1] Plaintiff's complaint and proposed amended complaint also allege violations of 41 U.S.C. § 1983. The court assumes this is an error and that plaintiff's claims are meant to be under 42 U.S.C. § 1983.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standards

*A. Leave to amend*

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court explained: "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. D. Nev. R. 15-1(a).

*B. Judgment on the pleadings*

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Rule 12(c) is "functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal citation and quotation omitted). Therefore, "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (internal quotations and citations omitted).

## III. Discussion

Defendants filed a Rule 12(c) motion for partial judgment on the pleadings on November 6, 2014. (Doc. # 7). As mentioned in the legal standard above, this motion is the functional equivalent of a Rule 12(b)(6) motion to dismiss. *See Cafusso*, 637 F.3d at 1055 n.4.

Plaintiff contends in his opposition that defendants' motion should be construed as a Rule 56 motion for summary judgment because "Defendants are seeking dismissal by asking this Court to look outside of the pleadings and consider other facts not in evidence." (Doc. # 12 at 6-7).

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff fails to identify any evidence or matters outside of the pleadings defendants raise in their
2  motion that would convert the court's review to the Rule 56 summary judgment standard.
3       The court does not identify or rely on any such evidence.  Accordingly, there is no basis
4  for this court to construe defendants' motion as a Rule 56 motion.  The court will evaluate
5  plaintiff's claims under the Rule 12(c) standard.  However, because plaintiff has filed for leave to
6  amend, which, if granted, would moot defendants' motion for partial judgment on the pleadings,
7  the court will first address plaintiff's motion for leave to amend.
8       *A.  Leave to amend*
9       Generally, the use of "John Doe" to identify a defendant is not favored in federal court.
10 *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. Cal. Dep't of Corr.*,
11 406 F.2d 515, 518 (9th Cir. 1968)).  However, situations arise, such as the present, where the
12 identity of alleged defendants will not be known prior to the filing of a complaint.  *Id.*  In such
13 circumstances, the plaintiff should be given an opportunity through discovery to identify the
14 unknown defendants, unless it is clear that discovery would not uncover the identities, or that the
15 complaint would be dismissed on other grounds.  *Id.* (citations omitted).

> **(1)** ***When an Amendment Relates Back.***  An amendment to a pleading relates back to the date of the original pleading when:
>     (A) the law that provides the applicable statute of limitations allows relation back;
>
>     (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
>     (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>         (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>         (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P 15(c)(1).

Although § 1983 is a federal cause of action, it borrows its statute of limitations from the applicable state law.  *Owens v. Okure,* 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia,* 471 U.S.

James C. Mahan
U.S. District Judge

- 4 -

1    261, 279-80 (1985).  In Nevada, the applicable statute of limitations for personal injury torts is two
2    years.  Nev. Rev. Stat. § 11.190.4(c).  Therefore, plaintiff's claims against will only relate back to
3    the date of the complaint if the defendants had or obtain notice of the present action within the
4    time for service under Rule 4(m) such that their defenses will not be prejudiced and if they knew
5    or should have known that they would have been named but for a mistake in name.  *See* Fed. R.
6    Civ. P. 15(c)(1)(C).

7       The Ninth Circuit has held that, when the statute of limitations period derives from state
8    law, Rule 15(c)(1) requires the court to consider both federal and state law and employ whichever
9    affords the "more permissive" relation back standard.  *Butler v. Nat'l Cmty. Renaissance of Cal.*,
10   766 F.3d 1191, 1201 (9th Cir. 2014) (citing *Coons v. Indus. Knife Co.,* 620 F.3d 38, 42 (1st Cir.
11   2010) ("We have described the choice between these two provisions as 'a oneway ratchet,'
12   meaning that a party is entitled to invoke the more permissive relation back rule, whether that is
13   the state rule or the federal rule set out in Rule 15(c)(1)(C)."); and *Hogan v. Fischer*, 738 F.3d 509,
14   518 (2nd Cir. 2013) ("Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of
15   limitations law that provides the applicable statute of limitations. . . .  Thus, under Rule
16   15(c)(1)(A), we must determine if New York state law provides a 'more forgiving principle of
17   relation back' in the John Doe context, compared to the federal relation back doctrine under Rule
18   15(c)(1)(C).")).

19      Based on the court's review of the Nevada relation back standard and the federal relation
20   back standard, the court views the Nevada relation back standard as more lenient.  Accordingly,
21   the court will first analyze the issue under the applicable Nevada law.

22     **1.  Relation back under Nevada law**

23      Nevada law provides the applicable statute of limitations.  Nevada Rule of Civil Procedure
24   10(a) permits a plaintiff to use "Doe" pleading and to amend his complaint to substitute a Doe
25   defendant for a named defendant once the plaintiff discovers the defendant's true identity.
26   *Nurenberger Hercules—Werke GMBH v. Virostek,* 822 P.2d 1100, 1105-06 (Nev. 1991); *see also*
27   *Williams v. Las Vegas Metro. Police Dep't*, No. 2:13-cv-01340-GMN, 2014 WL 7336085, at *2
28   (D. Nev. Dec. 22, 2014).

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  To relate back, plaintiff must satisfy a three-part test.  First, plaintiff must plead "fictitious
2  or doe defendants in the caption of the complaint."  *Nurenberger*, 822 P.2d at 1106.  Second,
3  plaintiff must set forth in the complaint "the basis for naming defendants by other than their true
4  identity, and clearly specifying the connection between the intended defendants and the conduct,
5  activity, or omission upon which the cause of action is based."  *Id.*  Third, plaintiff must exercise
6  "reasonable diligence in ascertaining the true identity of the intended defendants and promptly
7  mov[e] to amend the complaint in order to substitute the actual for the fictional."  *Id.*

8  Factors bearing on reasonable diligence include, but are not limited to, "whether the party
9  unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it
10  became known, whether the plaintiff utilized judicial mechanisms such as discovery to inquire into
11  a defendant's true identity, and whether a defendant concealed its identity or otherwise obstructed
12  the plaintiff's investigation as to its identity."  *Sparks v. Alpha Tau Omega Fraternity, Inc.,* 255
13  P.3d 238, 243 (Nev. 2011) (citations and internal quotation marks omitted).

14  Plaintiff asks this court for leave to amend his complaint in order to substitute the name of
15  officers C. Hartfield, D. Denton, D. Viskoc, and R. Wright in place of Doe defendants.  Defendants
16  assert that plaintiff should not be granted leave to amend for two reasons.  First, defendants assert
17  that plaintiff's motion is untimely because plaintiff was aware of all relevant information needed
18  to assert timely claims for relief against the officers at the time of filing the original complaint.
19  (Doc. # 18 at 4).  Defendants assert that, in spite of having all relevant information, plaintiff waited
20  until nearly five months beyond the two-year statute of limitations to file a proposed amended
21  complaint.  Second, defendants assert that the proposed amended complaint would be futile
22  because plaintiff brings no viable claims for relief.  (*Id.*).

23  Plaintiff responds that, despite defendants' contention, no documentation or information
24  related to the newly identified parties was produced until defendants' initial disclosure, which
25  came long after the limitation period expired.  (Doc. # 19 at 2).  Defendants' disclosures included
26  an arrest report with the names of the newly identified Doe officers.  (*Id.*).  Plaintiff asserts this
27  arrest report was the first time plaintiff received information that allowed him to identify the Doe
28  officers.

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed his original complaint on September 11, 2014, eight days within the two-year statute of limitations. In the original complaint, plaintiff named "Defendant Does 1 through 30 . . . individual members of LVMPD who assisted in, participated in, facilitated, permitted or allowed the violation of Plaintiff's civil rights and negligent conduct. Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask to join said Defendants in these proceedings." (Doc. # 1 at 14 ¶ 3). The parties submitted a proposed scheduling plan and order on November 20, 2014, which the court granted, as amended, on November 21, 2014. (Docs. ## 10, 11). The scheduling order set the deadline for motions to amend the pleadings or add parties for January 20, 2015.

Defendants' served their witness list on November 25, 2014, which included officer Fryman and ten other officers "expected to testify regarding his [or her] knowledge of the facts and circumstances surrounding the arrest of Plaintiff on or about September 19, 2012 as well as the allegations set forth in Plaintiff's Complaint . . . ." (Doc. # 18 at 11-13).

Plaintiff filed his motion for leave to amend on February 4, 2015, seeking the court's leave to amend to add the names of three previously unnamed Doe defendants: officers C. Hartfield, D. Denton, D. Viskoc, and R. Wright. Plaintiff attached his proposed amended complaint in compliance with D. Nev. R. 15-1(a). The proposed amended complaint adds the names of the four officers in the "general allegations" section.[2] (*See* doc. # 14 at 9).

---

[2] Each section adding the names of officers C. Hartfield, D. Denton, D. Viskoc, and R. Wright reads, "Defendant Officer [name of officer] is at all times relevant hereto a resident of Clark County, State of Nevada. Upon information and believe, [name of officer] is an officer of the LVMPD and at all times relevant to this Complaint, acted in his capacity as an agent, servant, and employee of LVMPD. [Name of officer] is sued in both his individual and official capacities."

Though plaintiff should have made certain substantive changes beyond the addition of these names, he has not. The court notes plaintiff's cursory job in amending his complaint to incorporate the newly named officers.

For example, under plaintiff's sixth claim for relief – negligence – plaintiff's allegations are still against "Officer Ryan Fryman and Doe Officers." (Doc. # 14 at 15 ¶ 51). Other parts of the complaint have merely been amended to read "Defendants," instead of "Officer Ryan Fryman and Doe Officers." Plaintiff did not allege any specific facts regarding the added officers or their involvement in the alleged incident.

Plaintiff also did not remove or alter the causes of action he previously conceded he could not state a claim for. The court notes that plaintiff previously conceded to dismiss "the 8th Amendment violations, the claim for punitive damages against the municipality for state claims only, and the negligence per se cause of action." (Doc. # 12 at 4: 18-19). Despite plaintiff's

James C. Mahan
U.S. District Judge

- 7 -

1  Based on Rule 15(a)'s liberal standard, the court finds it appropriate to grant plaintiff's
2  motion for leave to amend his complaint. The court finds that, although plaintiff might not have
3  acted as expeditiously as possible, plaintiff did exercise reasonable diligence in ascertaining
4  officers Hartfield, Denton, Viskoc, and Wright's identities and moving to amend his complaint.
5  Plaintiff's delay was not unreasonable, and plaintiff did utilize judicial mechanisms such
6  as discovery to inquire into the officers' true identities. Accordingly, plaintiff's amended
7  complaint relates back to the date of his original complaint, and his claims against officers
8  Hartfield, Denton, Viskoc, and Wright are not barred by the statute of limitations.

   *B. Partial judgment on the pleadings*

10 Defendants filed their motion for partial judgment on the pleadings before plaintiff's
11 amended complaint. Because defendants' motion for partial judgment on the pleadings is based
12 on plaintiff's original complaint, the court will deny defendants' motion as moot.[3]

**IV.  Conclusion**

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
15 leave to amend complaint and add substitute parties (doc. # 14) be, and the same hereby is,
16 GRANTED. Plaintiff is ordered to file a corrected amended complaint consistent with this court's
17 order **within five days of the entry of this order.**

18 . . .
19 . . .
20 . . .
21 . . .

---

representation that he concedes dismissal of these claims, plaintiff's proposed amended complaint does not incorporate these concessions. Merely adding the names of defendants Hartfield, Denton, Viskoc, and Wright, without alleging additional facts, does not cure the deficiencies plaintiff conceded previously. Accordingly, plaintiff's amended complaint should omit the conceded causes of action unless he is able to plead specific facts to sufficiently state a claim under Rule 12(b)(6).

Though the court believes plaintiff should have the opportunity to amend, the court notes that plaintiff's proposed amended complaint is insufficient as submitted.

[3] The parties' dispositive motion deadline is July 19, 2015, (*see* doc. # 17), which allows both parties adequate time to file dispositive motions based on the amended complaint.

**James C. Mahan**
**U.S. District Judge**

- 8 -

1     IT IS FURTHER ORDERED that defendants' motion for partial judgment on the pleadings
2 (doc. # 7) is DENIED as moot.
3     DATED April 6, 2015.

                                                                               _____
                                                                               UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**