UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN D. IRISH-MILLER,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | Case No. 2:14-CV-1654 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Justin Irish-Miller's motion to remand. (ECF No. 62). Defendants Las Vegas Metropolitan Police Department, Ryan Fryman, C. Hartfield, D. Denton, D. Viskoc, and R. Wright filed a response (ECF No. 63), to which plaintiff replied (ECF No. 64).

**I.  Facts**

The parties are familiar with the facts of the case, which this court articulated in its order on defendants' motion for summary judgment. *See* (ECF No. 59). In relevant part, the order granted summary judgment in favor of defendants on counts one, two, three, five, nine, ten, and twelve of plaintiff's complaint, and denied summary judgment on counts four, six, seven, eight, and eleven. *Id.* Therefore, the only outstanding claims are state law tort-based claims against Nevada residents.

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

1 by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

When considering whether to exercise supplemental jurisdiction over state law claims, courts consider the conditions enumerated in 28 U.S.C. § 1367(c). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

### III. Discussion

Here, the court's order granting in part defendants' motion for summary judgment resolved all outstanding federal causes of action in this case. *See* (ECF No. 59). As the claims remaining are all state law causes of action upon which the court has not granted judgment in favor of either party, the court will decline to continue to exercise jurisdiction over the outstanding claims.[1] *See Acri*, 114 F.3d at 1001; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that state law claims should normally be dismissed if federal claims are dismissed prior to trial).

The *Gibbs* factors favor remand in this case. Plaintiff originally filed its complaint in state court. The parties are all Nevada residents. "The amount in controversy likely does not exceed $75,000." (ECF No. 64). The outstanding claims are state-law causes of action against a local police department. Further, the causes of action over which this court retained original jurisdiction were dismissed prior to trial. These factors suggest remand of this case is appropriate.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 62) be, and the same hereby is, GRANTED.

---

[1] As the Ninth Circuit held in *Acri* and in *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931 (2003), this is a discretionary choice, and remand in this case is not required (as plaintiff suggests).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

The clerk shall close the case.

DATED March 26, 2018.

_____
UNITED STATES DISTRICT JUDGE